UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GEORGE STEPHEN,

                          Plaintiffs,

-against-

CITY OF NEW YORK; Police Officer KEVIN POLLOCK (Tax No., 953262); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
-----------------------------------------------------------------x

CV 13- 3070

**COMPLAINT**

Jury Trial Demanded

ECF Case

CHEN, J.
GOLD, M.J.

      Plaintiff by his attorney, Katherine E. Smith, Esq., complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, by defendants THE CITY OF NEW YORK ("CITY"); POLICE OFFICER KEVIN POLLOCK, ("POLLOCK"), Shield No. 26105; and P.O.s "JOHN and JANE DOE" #1-10 ("DOES"); as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that this is the District in which the claim arose.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff GEORGE STEPHEN ("plaintiff" or "Mr. STEPHEN") is and was, at all relevant times, a resident of Kings County in the City and State of New York.

8. Defendant City is a municipal corporation organized under the laws of the State of New York.

9. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Officer KEVIN POLLOCK, Tax No.: 953262 ("POLLOCK"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant POLLOCK is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times hereinafter mentioned, the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

14. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

15. At approximately 11:40 p.m. on February 26, 2013, plaintiff was lawfully in the vicinity of 1146 President Street, Brooklyn, NY.

16. Plaintiff was parked in his car, with the engine running, waiting for his friend.

17. His friend got into plaintiff's car.

18. Plaintiff drove away and immediately a NYPD police car pulled him over, despite the fact that they had no probable cause or reasonable suspicion to do so.

19. Two police officers approached plaintiff's vehicle and asked for his license and registration, which he promptly provided.

20. Soon thereafter, more NYPD officers arrived on the scene.

21. Without warning or provocation, the officers, including defendant POLLOCK, dragged plaintiff from the car.

22. Plaintiff, whose seatbelt was still on while the officers pried him from his seat, cried in pain.

23. Plaintiff informed the officers that he was a stroke victim, and had limited mobility on his left side, and begged for them not to hurt him.

24. The officers ignored his pleas, threw Mr. Stephen to the ground, face down, and placed him into handcuffs.

25. Notwithstanding the fact that they had no probable cause, the defendants arrested plaintiff.

26. The defendants then shoved plaintiff into the back of a police car.

27. Plaintiff's left foot became caught between the seat and the door.

28. Plaintiff cried for help, telling the officers again that he had difficulty moving the left side of his body.

29. Notwithstanding, the defendants pulled plaintiff by his handcuffed hands roughly across the seat, causing pain in his wrists, arms and shoulders.

30. Plaintiff cried out in pain and told them that the handcuffs too tight, but the officers ignored him and refused to loosen the handcuffs.

31. The officers proceed to search plaintiff's car, including the trunk and found no contraband.

32. The officers transported him to the precinct, all the while insulting him and his nationality.

33. At the precinct, the defendants, including defendant POLLOCK , falsely informed

employees of the Kings County District Attorney's Office that they had observed plaintiff commit the crimes and offenses.

34. The defendants, including POLLOCK, forwarded false information on to the Kings County District Attorney's Office in an effort to cover up their unlawful arrest and use of excessive force on plaintiff.

35. At no point did the officers observe plaintiff commit any crimes and/or offenses.

36. At the precinct the defendants unlawfully strip-searched plaintiff.

37. Plaintiff was in extreme pain from the officer's beating.

38. Plaintiff needed his stroke mediation and begged for medical treatment, but his pleas repeatedly ignored.

39. From the precinct, plaintiff was transported to Brooklyn Central Booking.

40. Plaintiff was subsequently arraigned in Kings County Criminal Court.

41. On February 27, 2013 the criminal charges were adjourned in contemplation of dismissal.

42. After spending approximately three days in custody, plaintiff was released.

43. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

44. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

45. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

46. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983 Federal Civil Rights Violations

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

49. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### Unlawful Stop

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Defendants violated the Fourth and Fourteenth Amendments because they stopped plaintiff without reasonable suspicion.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause, privilege or consent.

58. As a direct and proximate result of this unlawful conduct, plaintiff's liberty was restricted for an extended period of time, they were put in fear for their safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## FOURTH CLAIM
### State Law False Imprisonment and False Arrest

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

61. Plaintiff was conscious of his confinement.

62. Plaintiff did not consent to his confinement.

63. Plaintiff's confinement was not otherwise privileged.

64. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

71. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
**Malicious Abuse of Process**

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. The individual defendants issued legal process to place plaintiff under arrest.

75. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

76. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights, in addition to the damages hereinbefore alleged.

## EIGHTH CLAIM
**Failure to Intervene**

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

80. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

81. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Denial Of Constitutional Right To Fair Trial

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. The individual defendants created false evidence against plaintiff.

84. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

85. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

86. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Hiring/Training/Retention

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

89. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

90. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

91. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

92. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

93. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

94. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

95. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

96. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Unlawful Strip Search

97. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

98. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

99. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
**Municipal Liability**

100. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

101. Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

102. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

103. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

104. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

105. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

106. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

107. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was illegally stopped, searched, falsely arrested and subjected to excessive force.

108. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

109. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

110. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have cruel and unusual punishment imposed upon them; and

    D. To receive equal protection under the law.

68. As a result of the foregoing, plaintiff is entitled to compensatory damages and further entitled to punitive damages against the individual defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 24, 2013
         New York, New York

_____
Katherine E. Smith
299 Broadway, Suite 1501
New York, New York 10007
(347) 470-3707
ksmith@legalsmithny.com

*Attorney for Plaintiff*